**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISAAC M. BONELLI, | No. 17-15456 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00406-SPL-BSB |
| v. | |
| DAWOOD MULLA, Psychiatrist at Arizona State Hospital; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted August 15, 2018**

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges

Isaac M. Bonelli appeals pro se from the district court's summary judgment

in his 42 U.S.C. § 1983 action alleging due process violations. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's

summary judgment on the basis of the statute of limitations, *MHC Fin. L.P. v. City*

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*of San Rafael*, 714 F.3d 1118, 1125 (9th Cir. 2013), and we affirm.

The district court properly granted summary judgment because Bonelli filed his complaint more than two years after his action accrued on February 19, 2010. *See* Ariz. Rev. Stat. § 12-542(1) (action for personal injury shall not be commenced more than two years after accrual); *see also Soto v. Sweetman*, 882 F.3d 865, 871-72 (9th Cir. 2018) (state tolling and statute of limitations for personal injury claims apply to § 1983 claims, and federal law governs when a claim accrues, which is when a plaintiff knows or should know of the injury that forms the basis for his cause of action).

Contrary to Bonelli's contention, Ariz. Rev. Stat. § 13-3994 does not provide a mandatory administrative review process, and Bonelli has failed to demonstrate that the district court erred in finding that he was not entitled to tolling the statute of limitations.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**